# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| ANTHONY and BETTY NANCE, )<br>      Plaintiff, )<br>)<br>v. )<br>)<br>CITY OF ELGIN, EDWARD SHOCK, )<br>WILLIAM MILLER, and RICHARD KOZAL, )<br>      Defendants. ) | No. 06 CV 6608<br>Judge Blanche M. Manning |

## MEMORANDUM AND ORDER

Individual defendants Ed Schock, William Miller, and Richard Kozal seek dismissal based upon the fact that plaintiffs Anthony and Bettie Nance failed to identify them as potential defendants to this case when the Nances filed for bankruptcy. For the reasons that follow, the motion to dismiss is denied.

## BACKGROUND

The Nances owned the now-defunct Anthony's Restaurant and Jazz Club in Elgin, Illinois. They sued the City of Elgin, current Mayor Ed Schock, former Chief of Police William Miller and current Assistant Corporation Counsel Richard Kozal for an alleged series of racially discriminatory acts that led to the loss of the club's liquor license. The loss of the liquor license, in turn, resulted in the Nances' eventual bankruptcy. The Nances initiated bankruptcy proceedings on March 30, 2005, by filing, among other things, a document entitled "Schedule B. Personal Property." The Schedule B required the Nances to disclose "[o]ther contingent and unliquidated claims of every nature, including tax refunds, counterclaims of the debtor, and rights to setoff claims." (Def.'s Mot. Dismiss Ex. 1.) Their response was "potential lawsuit for

discrimination against the City of Elgin." *Id.* The Nances were discharged from bankruptcy on July 21, 2005.

More than one year later, on November 30, 2006, the Nances filed the instant complaint alleging violation of their constitutional rights based upon racial discrimination. *See* 42 U.S.C. § 1983. Defendants Schock, Miller, and Kozal move for dismissal, contending that the Nances failed to identify them on their Schedule B as potential defendants to their § 1983 claim, and therefore are judicially estopped from suing them now.

## ANALYSIS

### I. Motion to Dismiss Standard

The defendants did not identify under what rule of civil procedure they seek dismissal. The court will assume they are proceeding under Federal Rule of Civil Procedure 12(b)(6), in which case the court accepts the allegations in the complaint as true, viewing all facts, as well as any inferences reasonably drawn therefrom, in the light most favorable to the Nances. *See Marshall-Mosby v. Corporate Receivables, Inc.*, 205 F.3d 323, 326 (7th Cir. 2000). To survive a motion to dismiss, a complaint must clear two hurdles. First, the complaint must provide detail sufficient to give the defendant fair notice of the claim and the grounds upon which it rests. *See Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007). Second, the complaint's allegations must plausibly suggest above a speculative level that the plaintiff has a right to relief. *Id.* at 1965, 1973 n.14.

### II. Judicial Estoppel

Judicial estoppel is an equitable doctrine, invoked to protect the integrity of the courts by preventing a party who prevails on one ground in a lawsuit from repudiating that ground in a

subsequent lawsuit. *See DeVito v. Chicago Park Dist.*, 270 F.3d 532, 535 (7th Cir. 2001). In the context of bankruptcy, judicial estoppel prohibits a debtor, who in his bankruptcy filings has failed to disclose a potential cause of action, from recovering on that cause of action after his debts have been discharged. *See Cannon-Stokes v. Potter*, 453 F.3d 446, 447 (7th Cir. 2006).

Under the bankruptcy code, a debtor must file "a schedule of assets and liabilities." 11 U.S.C. § 521(1). The debtor must include within that schedule of assets and liabilities any potential causes of actions it may have against others, in order to assist creditors who may benefit from any recovery that may arise out of those causes of action. *See Cannon-Stokes*, 453 F.3d at 448 (debtor must disclose any potential causes of action in order to assist creditors, who may benefit from any recovery that arises from those causes of action). "The debtor need not know all the facts or even the legal basis for the cause of action; rather, if the debtor has enough information… prior to confirmation to suggest that it may have a possible cause of action, then that is a 'known' cause of action such that it must be disclosed." *In re Envirodyne Indus., Inc.*, 183 B.R. 812, 821 n.17 (Bankr. N.D. Ill. 1995).

Defendants Schock, Miller and Kozal contend that because the Nances failed to identify them on the Nances' Schedule B as potential defendants to the § 1983 claim, the Nances are judicially estopped from naming them as defendants now. In support, they cite *Cannon-Stokes*, where a debtor failed to disclose that she had initiated administrative proceedings against her employer—she was a postal worker accusing the U.S. Postal Service of failing to "accommodate her mental aversion to making residential deliveries." *See Cannon-Stokes*, 453 F.3d at 447. She failed to obtain the relief she sought through her administrative proceeding against the Postal Service and so, after the bankruptcy court discharged her debts, she sued the Postal Service. The

district court dismissed the claim based upon judicial estoppel and the Seventh Circuit affirmed, concluding that "a debtor in bankruptcy who denies owning an asset, including a chose in action or other legal claim, cannot realize on that concealed asset after the bankruptcy ends." *Id.* at 448.

Although defendants Schock, Miller and Kozal contend that *Cannon-Stokes* is "directly on point," in fact it is easily distinguishable. *Cannon-Stokes* involved a debtor's failure to identify her disability discrimination claim, whereas the Nances *did* disclose their § 1983 racial discrimination claim. *Cannon-Stokes* does not address the question presently before this court: in addition to disclosing their potential § 1983 claim, were the Nances also required to identify every potential defendant to that claim?

Schock, Miller and Kozal attempt to resolve that question in their favor by asserting that naming only the City of Elgin as a potential defendant on the bankruptcy schedule "is not good enough" to allow the Nances to sue them. However, the few cases they have cited in support of their argument all involved the failure to identify a claim, not defendants. They have identified no authority to support their contention that 11 U.S.C. § 521(1) requires not only the disclosure of a potential claim, but also disclosure of everyone who might ultimately be a proper defendant to that claim. Accordingly, the argument is forfeited. *See Jarrad v. CDI Telecommunications, Inc.*, 408 F.3d 905, 916 (7th Cir. 2005) (arguments unsupported by authority are forfeited).

As for the defendants' argument the Nances § 1983 claim against the City of Elgin is somehow distinct from the seemingly identical claim against the individual defendants, that argument is conclusory, made with absolutely no citation to authority, and is therefore also forfeited. *Id.*

## CONCLUSION

For the reasons stated above, the motion to dismiss filed by defendants Schock, Miller and Kozal [50-1] is denied. The parties shall report for a status hearing on Thursday, May 8, 2008, at 11:00 a.m.

ENTER:

DATE: April 18, 2008

*Blanche M. Manning*
Blanche M. Manning
United States District Judge