# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 06 CV 6608 | **DATE** | July 12, 2010 |
| **CASE TITLE** | *Nance v. City of Elgin* | | |

**DOCKET ENTRY TEXT**

Defendant City of Elgin's objections 145-1] to the Magistrate Judge's June 21, 2010, order are overruled. The parties shall report for the status hearing previously scheduled for July 13, 2010, at 11:00 a.m., and shall be prepared to set a date for trial.

■ [ For further details see text below.]

Docketing to mail notices.

00:00

## STATEMENT

Defendant City of Elgin previously filed a motion for sanctions for failing to disclose material information when requested during discovery, which it presented before Magistrate Judge Denlow. The basis of the motion for sanctions was that plaintiffs Anthony and Bettie Nance had allegedly provided financial information to their expert witness that was different than the financial information produced during discovery and filed on their federal and state tax returns. According to the City of Elgin, the discrepancies show that the plaintiffs' jazz club had substantial sources of previously unreported income and, as a result, the club actually turned a profit during 2004, as opposed to the $48,364 loss that the plaintiffs attributed to the City of Elgin's allegedly discriminatory treatment of the club and its suspension of the club's liquor license. *See* 42 U.S.C. § 1983.

These allegedly previously undisclosed sources of income came to light only after the plaintiffs produced to the City of Elgin their expert's report. The Nances have since dropped both their expert witness (whom they contend they can no longer afford), as well as their claim for loss of business and profits (claims for loss of investment and pain and suffering remain).

As a result of the late-in-the-game discovery disclosure, the City of Elgin contends that it spent "substantial monies" investigating the financial performance of the plaintiffs' club, including hiring an expert witness, all of which is now moot. In its motion for discovery sanctions, it sought either dismissal of the complaint with prejudice based upon willful concealment or, alternatively, an unspecified amount of fees and costs and an order barring the Nances from recovering loss of investment damages.

Magistrate Judge Denlow denied the motion for sanctions without prejudice to renewal of the motion at the conclusion of the case. Magistrate Judge Denlow reasoned that if the City of Elgin prevails at trial, it could become entitled to recover the fees and costs it now seeks as sanctions. *See* 42 U.S.C. § 1988(b); *Roger*

*Whitmore's Auto Servs., Inc. v. Lake County, Illinois*, 424 F.3d 659, 675 (7th Cir. 2005) (a prevailing defendant to a § 1983 claim may be entitled to recover costs and fees where the plaintiff's action was frivolous, unreasonable, or groundless).

The City of Elgin has timely objected to Magistrate Judge Denlow's denial of its motion for discovery sanctions. *See* Fed. R. Civ. P. 72. Routine discovery motions are considered to be nondispositive under Rule 72(a) and, therefore, the Magistrate Judge's disposition will be set aside only if it is "clearly erroneous or contrary to law." Fed. R. Civ. P. 72(a); *see also Hall v. Norfolk Southern Ry. Co.*, 469 F.3d 590, 595 (7th Cir. 2006). "Ordinarily, under clearly erroneous review, if there are two permissible views, the reviewing court should not overturn the decision solely because it would have chosen the other view." *American Motors Corp. v. Great Am. Surplus Lines Ins. Co.,* No. 1988 WL 2788, at *1 (N.D. Ill. Jan. 8, 1988). Rather, "the district court can overturn the magistrate judge's ruling only if the district court is left with the definite and firm conviction that a mistake has been made." *Weeks v. Samsung Heavy Industries Co., Ltd.*, 126 F.3d 926, 943 (7th Cir.1997).

Other than a lone citation to Rule 72 in the first line of its brief, the City of Elgin has wholly failed to acknowledge the proper standard of review of the Magistrate Judge's decision. It has thus failed to offer any explanation why the Magistrate Judge's ruling was a mistaken decision that cannot stand. Indeed, rather than offer any argument about the standard of review and why that standard requires this court to set aside the Magistrate Judge's ruling, the City of Elgin merely filed with this court what appears to be a brief that is virtually identical to the one it presented to the Magistrate Judge in support of its motion for sanctions.

Moreover, the City of Elgin has offered no explanation of how it would be harmed by the Magistrate Judge's decision to hold off until after trial the issue of sanctions. As the Magistrate Judge noted, if the City of Elgin prevails it may be entitled to costs and fees as a prevailing party. If not, it can merely renew its motion for sanctions.

Because the City of Elgin has not explained any prejudice it may suffer as a result of the Magistrate Judge's decision, let alone why the decision should be overturned under the pertinent standard of review, its objections to the Magistrate Judge's June 21, 2010, order are overruled.

rs/cpb