Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 06 C 6608 | **DATE** | September 2, 2010 |
| **CASE TITLE** | *Nance v. City of Elgin* | | |

**DOCKET ENTRY TEXT:**

The defendant's motion for leave to depose James Kerwin [#156] is granted.

■ [ For further details see text below.]

## STATEMENT

Defendant City of Elgin has filed a motion to depose the plaintiffs' former expert witness, James Kerwin. The defendant seeks to depose Kerwin because of the following statement in the expert report he prepared before the plaintiffs withdrew him as an expert witness:

> Based on discussion [sic] with the Nances I estimated the cash receipts from various Hispanic family events held at Anthony's [jazz club] during 2004. The Nances estimated that between seven and ten Quinceañeras parties were held generating around $6,000 to $7,000 per event and two to three weddings and/or baptism parties were held at $2,000 to $3,000 per event. All payments were made in cash.

Kerwin Report (attached as Exhibit 1 to the Motion to Depose [156-1]) at 7. Based upon the information he obtained from the plaintiffs, Kerwin concluded that the plaintiffs had earned a $96,782 profit during 2004.

According to the defendant, the information the plaintiffs reportedly provided to Kerwin differs significantly from the information they produced during discovery. For instance, the defendant contends, the tax returns the plaintiffs produced during discovery reported a $48,364 loss during 2004, as opposed to a

(continued)

| | Courtroom Deputy Initials: | RTH/c |
|---|---|---|

**STATEMENT**

$96,782 profit. Additionally, during her deposition Bettie Nance denied knowing about any unreported cash transactions.

Shortly after producing Kerwin's report to the defendant, the plaintiffs withdrew Kerwin as an expert witness before he had been deposed. Along with withdrawing Kerwin, the plaintiffs dropped their claim for loss of business and lost profits (the topic of Kerwin's report), but still seek damages for the loss of their initial investment in the jazz club of $150,000. The plaintiffs contend that they never earned back their initial investment because of the adverse effects on their business of the defendant's allegedly discriminatory treatment of the club.

The plaintiffs make two objections to the defendant's motion. Their first objection is based on relevance: they contend that any statements they made to Kerwin about their revenues are irrelevant because they dropped their claim for loss of business and lost profits damages. However, even though the plaintiffs dropped some of their claims for damages, they still seek damages for the loss of their initial $150,000 investment. Therefore, the defendant is entitled to explore whether the plaintiffs ever made back any of that investment. Accordingly, information Kerwin has about the plaintiffs' profits during their operation of the jazz club would be relevant to whether the plaintiffs earned back any part of their initial investment.

Second, the plaintiffs also appear to be contending that the defendant's motion is untimely given that trial begins in just over two weeks. However, the plaintiffs have not established any dilatory conduct on the part of the defendant. To the contrary, the defendant had operated under the impression that the plaintiffs lost money running the jazz club until receiving Kerwin's report. Only after the plaintiffs withdrew Kerwin as an expert witness in April of 2010 did the defendant realize that it would not have the opportunity to depose Kerwin during the normal course of expert discovery. The defendant first brought the matter to the attention of the magistrate judge, who allowed it to redepose the plaintiffs on the discrepancy between the financial information they initially provided and the markedly different information in Kerwin's report. During their depositions on August 19, 2010, the plaintiffs denied making the statements that Kerwin had attributed to them. The defendant's motion followed shortly. The plaintiffs have, therefore, failed to establish that the motion is untimely.

Accordingly, the defendant's motion for leave to depose James Kerwin is granted. The parties should conduct the deposition as soon as practicable given the upcoming trial date.