Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 06 CV 6608 | **DATE** | September 22, 2010 |
| **CASE TITLE** | *Nance v. City of Elgin* | | |

**DOCKET ENTRY TEXT**

The defendant's objection to the plaintiffs' introduction of police reports is overruled, subject to an offer of proof by the plaintiffs that city officials determined the number of incidents of disorderly conduct, fighting or other criminal activity under § 6.0145(g) of the Elgin municipal code based upon police reports.

■ [ For further details see text below.]

Docketing to mail notices.

00:00

## STATEMENT

The defendant contends that it suspended the plaintiffs' liquor license because their jazz club violated § 6.0145(g) of the Elgin municipal code. Under that section, in the event that "more than ten (10) incidents of disorderly conduct, fighting or other criminal activity occur on any licensed premises within the course of any twelve (12) month period, such a licensed premises shall constitute a public nuisance and shall constitute cause for the revocation or suspension of the retail liquor dealers' license, the imposition of a fine, or both."

The plaintiffs contend that establishments owned by non-African-Americans also violated § 6.0145(g), but their liquor licenses were not suspended. To establish that more than 10 incidents had occurred at these other establishments, the plaintiffs intend to use police reports.

The defendant objects, arguing that the police reports show only that an incident was reported to police, not that an incident actually occurred. According to the defendant, using the police report as evidence that the incidents actually occurred would depend upon the truth of the witness statements contained in the police reports, which the defendant contends would be an impermissible use of hearsay.

The plaintiff responds that the evidence at trial will establish that in determining what number of "incidents of disorderly conduct, fighting or other criminal activity" had occurred at each liquor establishment, the "assistant corporation counsel, the mayor, councilmen and liquor control commissioners" looked only to the number of police reports generated by each establishment, without investigating whether the allegations in the police reports had been substantiated. In the event the plaintiffs succeed in making such an offer of proof, the police reports would then be relevant to whether other establishments had also violated § 6.0145(g) but did not have their license suspended.

Alternatively, the defendant argues that the police reports are irrelevant because whether other establishments' liquor licenses had been suspended is relevant only if the other establishments are similarly-

| STATEMENT |
|---|

situated. The defendant contends that the other establishments are not similarly-situated because the nature of the incidents reported at the other establishments was much less severe than the nature of the incidents reported at the jazz club, which it contends included "multiple incidents of shootings, group violence and gang presence and activity." But as the court discussed in its ruling on the defendant's motion in limine #2, whether a comparator is similarly-situated is a question for the fact-finder. *See Srail v. Village of Lisle*, 588 F.3d 940, 945 (7th Cir. 2009).

Accordingly, the defendant's objection to the plaintiffs' introduction of police reports is overruled subject to an offer of proof by the plaintiffs that city officials determined the number of incidents of disorderly conduct, fighting or other criminal activity under § 6.0145(g) of the Elgin municipal code based upon police reports.

rs/cpb