**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Anthony Nance and Bettie Nance, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> City of Elgin, ) <br> ) <br> Defendant. ) <br> ) | Case No. 06 CV 6608 <br><br> Judge Manning <br><br> Magistrate Judge Denlow |

**DEFENDANT'S RULE 50(A) MOTION FOR JUDGMENT AS A MATTER OF LAW**

Defendant, the City of Elgin ("the City"), pursuant to Federal Rule of Civil Procedure 50(a), moves for Judgment as a Matter of Law. The basis for this motion is that, based upon the evidence presented at trial, a reasonable jury would not have a legally sufficient evidentiary basis to find for Plaintiffs.

The evidence presented at trial establishes that the Elgin Liquor Control Commission made its determination to revoke the Plaintiffs' liquor license based upon its honest and good faith judgment that Plaintiffs had violated Elgin liquor laws and the December 1, 2004 Stipulation and Agreed Order. The Elgin Liquor Control Commission based its decision on evidence presented at the December 17, 2004 hearing from police officers and Plaintiffs, documentary exhibits and video evidence. There is no evidence that the decision was based on anything other than that evidence and legitimate reasons. Furthermore, the Elgin Liquor Control Commission's decision was affirmed by the State of Illinois Liquor Control Commission. No reasonable jury could find that the December 17, 2004 decision was motivated by Plaintiffs' race.

The December 17, 2004 decision to revoke the Plaintiffs' liquor license is the only timely claim issue in this case. *See* August 3, 2007 Memorandum and Order at p. 7. Therefore, none of the other evidence presented as to a food requirement, a sprinkler system, or police presence outside the Plaintiff's Jazz Club is relevant. Furthermore, the evidence shows that there was no race discrimination associated with any of those matters.

## RELIEF REQUESTED

Based on these reasons, the City requests that the Court grant its Rule 50(a) Motion and enter judgment in favor of the City.

                        Respectfully submitted,

                        CITY OF ELGIN

                        By  */s/*Thomas J. Piskorski
                              One of Its Attorneys

Thomas J. Piskorski
Julie Collins Reyes
Seyfarth Shaw, LLP
131 South Dearborn Street
Suite 2400
Chicago, Illinois 60603
(312) 460-5000

September 29, 2010

## CERTIFICATE OF SERVICE

I hereby certify that on September 29, 2010, I electronically filed the foregoing Defendant's Rule 50(a) Motion with the Clerk of the Court using the CM/ECF system, which sent notification of such filing to the following:

>Ronald J. Broida
>Joseph K. Nichele
>Broida and Associates, Ltd.
>Attorneys at Law
>1250 East Diehl Road
>Naperville, Illinois  60563

By */s/* Thomas J. Piskorski
Thomas J. Piskorski

12750897v.1