# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 06 CV 6608 | **DATE** | November 9, 2010 |
| **CASE TITLE** | *Nance v. City of Elgin* | | |

**DOCKET ENTRY TEXT**

The plaintiffs' motion for a new trial [205-1] is denied.

■ [ For further details see text below.]   Docketing to mail notices.

00:00

## STATEMENT

The plaintiffs, Anthony and Bettie Nance, sued the City of Elgin, alleging that it suspended the liquor license of their jazz club based upon their race. However, jurors found in favor of the defendant.

The Nances have now filed a motion for a new trial. Because the Nances filed it within 28 days after the entry of judgment, the court construes the motion as one brought under Federal Rule of Civil Procedure 59. According to Rule 59(a), the court may grant a new trial if (1) a verdict is against the weight of the evidence, (2) damages are excessive, or (3) other reasons made the trial unfair to the moving party. *See Pickett v. Sheridan Health Care Center*, 610 F.3d 434, 440 (7th Cir. 2010). Because the Nances now proceed *pro se*, the court will liberally construe their motion for a new trial. *See McGee v. Bartow*, 593 F.3d 556, 565 (7th Cir. 2010).

The Nances have identified three reasons they contend entitle them to a new trial, presumably because they were denied a fair trial.

  *1. Racial Composition of Jury*

First, the Nances argue that they are entitled to a new trial because no African-Americans served on their jury and, therefore, they were denied a jury of their peers. Under 28 U.S.C. § 1861, all litigants are entitled to a jury "selected at random from a fair cross section of the community." Any challenge to the jury pool must be made either "before the voir dire examination begins, or within seven days after the party discovered or could have discovered" the grounds for such a challenge. 28 U.S.C. § 1867(c); *see also Fleming v. Chicago Transit Authority*, No. 09-3195, 2010 WL 4140416, at *1 (7th Cir. Oct. 21, 2010) (unreported order) ("Yet Fleming, who was represented by counsel in the district court, did not object at trial to the composition of the jury pool, so her appellate claim—whether Constitutional or statutory—is not properly before us.").

During trial, the Nances raised just one argument that could be construed as a motion under § 1867(c). In it, they argued the City of Elgin's use of one of its peremptory challenges to excuse the sole African-American member of the venire violated *Batson v. Kentucky*, 476 U.S. 79 (1986). However, at the time the court

overruled the Nances' *Batson* challenge and, in their motion for a new trial, the Nances have articulated no argument why the court's prior ruling was erroneous.

Because the Nances have preserved no other grounds for challenging the composition of their jury, or identified any newly-discovered grounds that could not have been raised earlier, their request for a new trial based upon the racial composition of their jury is denied.

### 2. *Evidentiary Rulings*

Next, the Nances argue that they are entitled to a new trial because they were prohibited from "present[ing] evidence of more sever[e] activity of other local establishments [with] police reports." Motion [205-1]. However, the Nances' argument that they were prohibited from using police reports as evidence of criminal activity at other liquor establishments is at odds with the court's rulings. In fact, the court overruled the City of Elgin's objection to the Nance's use of police reports. *See* Docket Entry # 193. Although the court placed upon the Nances the limitation that only those police reports that were forwarded to Elgin's Liquor Control Commission could be introduced, no limitation was placed based upon the severity of the incident reported in the report.

Accordingly, the plaintiffs' argument that the court prohibited them from introducing evidence of the most severe incidents at other liquor establishments is unsupported by the record, and their request for a new trial on that basis is denied.

### 3. *Jury Disregarded Instructions*

Lastly, the Nances argue that they are entitled to a new trial because jurors disregarded the court's instructions by deliberating for only 45 minutes following a 9-day trial. However, jurors are presumed to have followed their instructions in the absence of evidence to the contrary, and the court will not presume that jurors disregarded the evidence or their instructions based solely on the length of their deliberations. *See United States v. Hooker*, No. 06-1256, 2006 WL 2818126, at *1 (7th Cir. Oct. 2, 2006) (unpublished order). The Nances have identified nothing else in the record that suggests jurors disregarded their instructions. Accordingly, their argument that they are entitled to a new trial based solely on the length of jurors' deliberations is unavailing.

### CONCLUSION

The Nances have identified no reason for granting a new trial under Rule 59. Accordingly, their motion for a new trial is denied.

rs/cpb