# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Blanche M. Manning | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 06 CV 6608 | **DATE** | May 3, 2011 |
| **CASE TITLE** | *Nance v. City of Elgin* | | |

**DOCKET ENTRY TEXT**

The plaintiffs' motion for reconsideration [244–1] is granted in part as follows: (1) the court's December 17, 2010, award of costs is vacated; (2) the objection to an award of expert fees is sustained; (3) the objection to the $3.80 per page rate for transcripts is sustained and the award for transcript costs shall be reduced to a rate of $3.65 per page; and (4) the objection based upon a purported inability to pay is overruled. The City of Elgin is directed to file a revised bill of costs conforming to this order no later than May 17, 2011.

■ [ For further details see text below.]   Docketing to mail notices.

00:00

## STATEMENT

Following its success at trial on the plaintiffs' claims of civil rights violations under 42 U.S.C. § 1983, defendant City of Elgin filed a bill of costs seeking $59,055.42. This amount included expert fees of $50,785.01, which are not normally available as part of an award of costs. *See* 28 U.S.C. § 1920 (listing categories of costs that can be awarded under Federal Rule of Civil Procedure 54(d)(1)). Originally, the City of Elgin sought to recover the expert fees through a motion for sanctions presented to the assigned magistrate judge, but the magistrate judge denied the motion without prejudice to renewal after trial. The magistrate judge also observed that if the City of Elgin prevailed at trial, it might be able to recover the expert fees as costs. *See* Minute Entry [144-1] dated June 21, 2010.

Upon receiving the City of Elgin's bill of costs, the court gave plaintiffs Anthony and Bettie Nance an opportunity to respond, but they never did. Based on the Nance's failure to object, the court reviewed the costs for reasonableness and, on December 17, 2010, awarded the full $59,055.42.

A short time later, the Nances, who were now proceeding *pro se*, filed a motion entitled "Motion to Reconsider," in which they advised the court that they had thought they had filed a motion for an extension of time to respond to the defendant's bill of costs, but learned only after receiving the court's December 17, 2010, order that the motion for an extension of time had never been docketed. In light of the circumstances, the court allowed the Nances to file a motion to reconsider and advised the parties that it would consider any objections to costs *de novo*.

## ANALYSIS

Federal Rule of Civil Procedure 54(d) provides that, "[e]xcept when express provision therefor is made either in a statute of the United States or in these rules, costs shall be allowed as of course to the prevailing party unless the court otherwise directs." Under Rule 54, an award of costs is discretionary, but the prevailing party

is *prima facie* entitled to costs and the losing party bears the burden of overcoming this presumption. *McGill v. Faulkner*, 18 F.3d 456, 459 (7th Cir. 1993). To overcome the presumption in Rule 54(d)(1) that the losing party pays costs, the court must find that the losing party cannot pay costs either now or in the future. *Rivera v. City of Chicago*, 469 F.3d 631, 635 (7th Cir. 2006). In this regard, the losing party bears the burden of providing documentation regarding his financial status. *Id*. The court must then consider "the amount of costs, the good faith of the losing party, and the closeness and difficulty of the issues raised." *Id*.; *see also Congregation of the Passion, Holy Cross Province v. Touche, Ross & Co.*, 854 F.2d 219, 221 (7th Cir. 1988) (a district court should award costs "unless it states good reasons for denying them;" such reasons include misconduct by the prevailing party, such as calling unnecessary witnesses, raising unnecessary issues, or otherwise unnecessarily prolonging proceedings, or the losing party's inability to pay).

A.    **Nances' Objections**

Before the court is the Nance's motion to reconsider. In it, they set out three objections to the defendant's bill of costs.

   1.    **Authority to Award Expert Fees**

First, they argue that an award of expert fees as costs would be unauthorized. Expert fees are not available under Federal Rule of Civil Procedure 54(d)(1) because they are not one of the categories of costs that are available under 28 U.S.C. § 1920. *See Republic Tobacco Co. v. North Atlantic Trading Co., Inc.*, 481 F.3d 442, 447 (7th Cir. 2007) (only those costs listed in 28 U.S.C. § 1920 may be awarded under Rule 54(d)(1)). Expert fees may be included as a component of attorneys' fees awarded to a prevailing party in a § 1983 proceeding, but only in the discretion of the court and only where the court concludes that a plaintiff's action was frivolous, unreasonable, or groundless. *See Roger Whitmore's Auto Servs., Inc. v. Lake County, Illinois*, 424 F.3d 659, 675 (7th Cir. 2005); *Perry v. City of Chicago*, No. 08 CV 4730, 2011 WL 612342, at *7 (N.D. Ill. Feb. 15, 2011). The defendant has not argued that the Nances' case was frivolous, unreasonable, or groundless. Furthermore, in response to the defendant's motion for summary judgment, the court concluded that the plaintiffs had identified evidence of discrimination, undermining any argument that the plaintiffs' case was frivolous or groundless.

The defendant contends that they are authorized to recover expert fees as a component of costs by the magistrate judge's June 21, 2010, minute entry, which stated that if "Defendant prevails, the expert's expenses incurred by Defendants may be considered as a possible element of court costs." Minute Entry [144-1] dated June 21, 2010. However, the magistrate judge stated only that expert expenses *may* be recoverable and, as discussed in the previous paragraph, only upon a showing that the plaintiffs' case was frivolous, unreasonable, or groundless.

Accordingly, the City of Elgin's bill of costs presents no basis for awarding the expert fees sought in the amount of $50,785.01 and, therefore, the Nances' objection to that cost is sustained.

   2.    **Costs for Deposition Transcripts**

Next, the Nances object to costs the City of Elgin seeks for deposition transcripts, which the Nances contend were calculated at a rate of $3.80 per page, above the $3.65 per page maximum rate for ordinary 30-day transcripts set by the Judicial Conference of the United States. *See* Local Rule 54.1(b) (transcript costs are limited by the maximum rate set by the Judicial Conference of the United States). In response, the City of

| STATEMENT |
|---|

Elgin notes that the $3.80 rate it seeks falls below the maximum rate for 14-day transcripts, but offers no reason why it needed transcripts on an expedited, rather than ordinary, basis. Because the defendant has not identified the reason it believed expedited transcripts were necessary, in an exercise of its discretion the court concludes that the City of Elgin is entitled only to the ordinary, not the 14-day, rate for transcripts. Accordingly, the court sustains the Nances' objection and costs for transcripts shall be limited to the ordinary rate of $3.65 per page. The court directs the City of Elgin to submit a revised bill of costs which seeks no more than $3.65 per page for deposition transcripts.

    **3.    Inability to Pay**

Finally, the Nances contend that they are unable to pay the remainder of the bill of costs ($8,270.41 less the reduction for deposition transcripts), either now or in the future. In support, they have attached to their motion copies of the affidavits they filed in support of their motion to proceed *in forma pauperis*. According to the affidavits, Anthony earns a monthly income of $1,812.75, while Bette earns a monthly income of $3,855.00. They anticipate no change to their income over the coming 12 months. That puts their annual income at $68,013.00, vastly in excess of the $22,050.00 poverty level for a family of four (the Nances' two sons live at home). In addition to their income, the Nances own assets including a home valued at $175,000 and four vehicles.

The court denied the Nances' motion to proceed *in forma pauperis* because their affidavits failed to establish an inability to pay filing fees. Likewise, the affidavits fail to satisfy the burden of establishing an inability to pay the costs owed under Rule 54(b). *See Rivera*, 469 F.3d at 635 (the indigence exception is narrow and the burden falls on the non-prevailing party to establish an inability to pay at this time or in the future). Accordingly, this objection to the bill of costs is overruled.

**B.    Stay Pending Appeal**

The Nances also ask the court to stay its consideration of the defendant's bill of costs pending the outcome of their appeal to the Seventh Circuit. However, it is incumbent upon the court to avoid piecemeal litigation by ruling on the issue of costs as expeditiously as possible. *See Callpod, Inc. v. GN Netcome, Inc.*, No. 06 CV 4961, 2010 WL 4411954, at *2 (N.D. Ill. Nov. 1, 2010) ("If the Court rules on the costs issue when the appeal is pending, the ruling may then be appealed and consolidated with the appeal on the merits.") (internal quotation marks and citation omitted). Moreover, the issue of costs is collateral to the merits. *See Lentomyynti Oy v. Medivac, Inc.*, 997 F.2d 364, 367 (7th Cir. 1993). The Nances have identified no reason for proceeding in a piecemeal fashion. Accordingly, the request for a stay is denied.

**C.    *Pro Se* Status**

Finally, the court acknowledges the defendant's request that the court inquire into whether the Nances' motion for reconsideration was not written by them. In a minute entry dated December 2, 2010, the court advised the Nances of a self-help program made available to *pro se* litigants, and gave them a phone number they could call to schedule an appointment with the court's *Pro Se* Assistance Program. *See* Minute Entry [219-1]. The Nances then advised the court in a motion docketed on December 21, 2010, that they were working with the program and planned to continue doing so. *See* Motion to Reconsider [223-1]. The extent to which the Nances' court filings have benefitted from the assistance received is a testament to the value of the *Pro Se* Assistance Program. The defendant's accusations merit no further discussion.

| STATEMENT |
|---|

**CONCLUSION**

The court grants the Nances' motion to reconsider [244-1] and vacates its December 17, 2010, order awarding fees. The objections to the City of Elgin's bill of costs are resolved as follows: the objection to an award of expert fees is sustained; the objection to the $3.80 per page rate for transcripts is sustained and the award for transcript costs shall be reduced to a rate of $3.65; and the objection based upon a purported inability to pay is overruled. The City of Elgin is directed to file a revised bill of costs conforming to this order no later than May 17, 2011.

rs/cpb